FILED
N.C. ... OFFICE

2026 APR 10 PM 2: 35

U.S. ...
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

TERENCE N. GLENN,

Plaintiff,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Defendant.

CIVIL ACTION NO:

COMPLAINT FOR ALGORITHMIC DISCRIMINATION, VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA), ALGORITHMIC NEGLIGENCE, AND RECKLESS ENDANGERMENT

## I. PRELIMINARY STATEMENT

1.    This is an action for declaratory, injunctive, and monetary relief to redress systemic algorithmic discrimination executed by Progressive Casualty Insurance Company ("Progressive"). Progressive has abdicated its duty of care by deploying unmonitored,

cost-optimizing Artificial Intelligence (AI) and automated decision-making engines that inherently penalize and endanger disabled consumers.

2.    Specifically, Progressive's reliance on third-party dispatch algorithms and unmonitored vendors created a "Zone of Danger" that resulted in the abandonment of the Plaintiff—a disabled individual recovering from a Traumatic Brain Injury (TBI)—on the grid during a life-threatening medical emergency.

## II. PARTIES

1.    Plaintiff, Terence N. Glenn, is a resident of Revere, Massachusetts, and is a "qualified individual with a disability" under the ADA, 42 U.S.C. § 12102.

2.    Defendant, Progressive Casualty Insurance Company, is an insurance provider doing business in the Commonwealth of Massachusetts, utilizing digital and automated systems to provide services to the public.

## III. JURISDICTION AND VENUE

1.    This Court has original jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b) as the acts of algorithmic negligence and discrimination occurred in this District.

2.    Consistent with the First Circuit's holding in Carparts Distribution Center, Inc. v. Automotive Wholesaler's Association of New England, Inc., 37 F.3d 12 (1st Cir. 1994), Progressive's services and digital interfaces constitute a "place of public accommodation" under Title III of the ADA.

## IV. STATEMENT OF FACTS

### A. The Notice of Disability & The "Zone of Danger"

7. On December 21, 2025, Plaintiff activated Progressive's emergency roadside assistance network. Progressive was explicitly put on notice that Plaintiff was experiencing a critical medical emergency (Hypoglycemia/TBI) and was stranded in freezing 16°F temperatures.

8. Progressive's AI-driven dispatch algorithm and third-party vendor network (Agero) failed to secure safe extraction. Instead, the dispatched contractor engaged in predatory price gouging, demanding an extortionate $15.00 per gallon for fuel.

9. When Plaintiff contested this predatory rate, Progressive and its vendors refused to cover the cost or tow the vehicle, fully abandoning the Plaintiff on the roadside.

10. This abandonment exacerbated Plaintiff's medical condition, creating a documented "Zone of Danger," physical injury, and a life-threatening drop in blood glucose levels.

### B. The State Investigation & Breach of Settlement

11. On December 24, 2025, Plaintiff filed a formal state investigation request with the Massachusetts Division of Insurance / Consumer Service Unit (Case #631889) regarding this retaliation and endangerment.

12. Under pressure, Progressive admitted to the service failure. On February 14, 2026, Progressive's executive team provided written confirmation that a disbursement would be sent within 7 to 10 days to resolve the December 21st abandonment.

13. Progressive mathematically breached this written agreement. As of March 6, 2026, the settlement timeline was violated. Consequently, Plaintiff escalated the penalty demand to $109.00 for breach of agreement.

14. While Progressive subsequently attempted to issue a digital Visa gift card, the systemic use of automated harassment, delayed resolutions, and algorithmic negligence against a disabled individual operating on fixed state-funding timelines constitutes bad faith.

## V. CAUSES OF ACTION

### COUNT I: Violation of the Americans with Disabilities Act (42 U.S.C. § 12182)

15. Progressive discriminated against Plaintiff by utilizing eligibility criteria and automated dispatch systems that screen out or tend to screen out individuals with disabilities from full and equal enjoyment of services.

### COUNT II: Algorithmic Negligence (The "Zone of Danger" Theory)

16. Progressive owes a duty of care to ensure its automated dispatch systems do not create foreseeable risks of harm. By abandoning Plaintiff in freezing temperatures during an active medical emergency, Progressive breached its duty, trapping Plaintiff in a "Zone of Danger."

### COUNT III: Breach of the Covenant of Good Faith and Fair Dealing

17. Progressive's failure to execute a safe extraction, their contractor's predatory extortion attempts, and their subsequent breach of their own February 14th written resolution timeline constitutes bad faith and a breach of the insurance contract.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1.    Issue a permanent injunction requiring Progressive to implement human-oversight "kill switches" for all emergency dispatches involving disabled policyholders.

2.    Award compensatory damages for the physical and neurological injuries sustained on December 21, 2025.

3.    Award punitive damages to deter the future use of predatory, unmonitored vendor networks against the disabled community.

4.    Award such other relief as the Court deems absolute and just.

**RESPECTFULLY SUBMITTED,**

Terence N. Glenn, Pro Se

650 Ocean Ave #709

Revere, MA 02151

Glenn.terence61@gmail.com

1-617-634-4234

Date: April 10, 2026